IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRICK I. SATRE and BONITA SATRE DALEY,<br><br>Plaintiffs,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY, LLC, ET AL,<br><br>Defendants. | No. C 12-06548 JSW<br><br>**ORDER DENYING MOTION TO DISQUALIFY** |

On December 28, 2012, Plaintiffs filed an affidavit of bias seeking to remove the undersigned judge from the above-captioned matter. The Court may pass upon the legal sufficiency of the request and only after such legal sufficiency is established does it become the duty of the judge to proceed no further in the case. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (citations omitted). Because the inquiry is addressed to the facial sufficiency of the motion not to the truth or falsity of the facts stated therein. *United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). Therefore, a hearing is unnecessary. *See id.* The Court finds the motion suitable for disposition without oral argument. *See also* Northern District Civil Local Rule 7-1(b).

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez,* 109 F.3d

1450, 1453 (9th Cir. 1997) (brackets and internal quotation marks omitted). A motion for disqualification based entirely from the district court judge's adverse ruling is not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (citing numerous cases for the same proposition). In *Liteky v. United States*, 510 U.S. 540, 555, the Supreme Court explained the narrow bases upon which a party may move for recusal:

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines*, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

Plaintiffs premise their request to disqualify the undersigned based on his rulings in a related, earlier matter, (10-01405 JSW). Plaintiffs have not demonstrated a bias or prejudice which stems from an extrajudicial source. The Court is not persuaded that Plaintiffs have demonstrated that Judge's impartiality might reasonably be questioned.

For the foregoing reasons, the Court DENIES Plaintiffs' request for disqualification.

**IT IS SO ORDERED.**

Dated: January 10, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRICK I. SATRE et al, <br><br> Plaintiff, <br><br> v. <br><br> ARGENT MORTGAGE COMPANY, LLC et al, <br><br> Defendant. | Case Number: CV12-06548 JSW <br><br> **CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bonita Satre Daley
Rodrick I. Satre
530 Santa Fe Avenue
Richmond, CA 94801

Dated: January 10, 2013

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk